UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
FILE NO. 3:07-cv-496-GCM

| | | |
|---|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY and DELANA PRUITT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **JOINT RULE 26(f) REPORT** |
| v. | ) ) | |
| UNITED MORTGAGE AND LOAN INVESTMENT, LLC, ARTHUR E. KECHIJIAN AND LARRY E. AUSTIN, | ) ) ) ) | |
| Defendants. | ) | |

1.    **Certification of Conference.**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LR 16.1(A), a meeting

was held on December 19, 2007, by telephone and was attended by:

Jessica E. Leaven and Leto Copeley, Attorneys for Plaintiffs.

Kevin V. Parsons, Attorney for Defendants.

2.    **Pre-Discovery Disclosures.**

Plaintiffs propose that  the parties exchange by 14 days from the date of the Court's entry

of its final scheduling order the information required by Rule 26(a)(1) of the Federal Rules of

Civil Procedure. Supplementations shall be in accordance with Rule 26(e) of the Federal Rules

of Civil Procedure.

Defendants propose that the parties opt out of the initial disclosure procedures provided

for in Rule 26(a).

3.    **Discovery Plan.**

Plaintiffs propose that the Court adopt a discovery scheduling order following the receipt of this Rule 26(f) Report.

Defendants object to the adoption by the Court of a discovery plan before ruling by the Court on Defendants' motion to dismiss plaintiffs' claims under the North Carolina Wage and Hour Act (NCWHA) and record-keeping claims under the Fair Labor Standards Act (FLSA), and before defendants have filed their answers to the Complaint.

Upon determination by the Court of the proper time for entry of the scheduling order, the parties jointly propose to the court the following discovery plan:

a.    **Scope of Initial Discovery**.  Discovery will be needed on subjects stated in subparagraphs (i) through (vi) below, which state the subject matter of discovery but do not define or limit what specific discovery or discovery devices shall be permitted or precluded, and are subject to any protective order, and the right of any party to seek protective orders:

i.    Whether the FLSA claims asserted by plaintiffs on behalf of themselves and on the class(es) they seek to represent should be conditionally certified for collective action and notice sent to the potential members of the class(es);

ii.    Whether class certification of plaintiffs' NCWHA claims under Federal Rule of Civil Procedure 23 is appropriate;

iii.    The individual claims of the named plaintiffs, and the defenses asserted by defendants to those claims;

iv.    The names, addresses, and social security numbers of potential class members in the FLSA collective action;

      v.      The corporate affiliations of defendant United Mortgage and Loan Investment, LLC, including, but not limited to, subsidiary, parent, grandparent, and great-grandparent corporations; and

      vi.      Potential defendants to the lawsuit who are not already a party.

b.      **Time for Discovery.**  The date for completion of initial discovery is nine months from the date of the Order of Approval of this plan.  If the Court conditionally certifies plaintiffs' FLSA claims or certifies a class with respect to plaintiffs' NCWHA claims, additional discovery will be allowed after any such certification.  The additional discovery shall be allowed on matters in addition to the subjects above, and beyond the nine months.  The parties shall propose to the Court a supplemental discovery plan following the initial discovery period.

c.      **Modifications to Federal Rules of Civil Procedure.**

      i.      Each party shall be permitted to take seven depositions during the initial discovery period.

      ii.      Each named plaintiff shall be permitted to propound up to 20 interrogatories related to his/her individual claims during the initial discovery period.  Defendants shall be permitted to propound up to 20 interrogatories to each named plaintiff related to his/her individual claims.  In addition, each side (the two sides are plaintiffs and defendants) shall be permitted to propound up to 30 interrogatories relating generally to matters within the scope of initial discovery defined above.  The propounding of additional interrogatories shall be subject to obtaining consent of opposing counsel or leave of court.

3

iii.   Each named plaintiff shall be permitted to propound up to 15 requests for production of documents related to his/her individual claims during the initial discovery period.  Defendants shall be permitted to propound up to 15 requests for production of documents to each named plaintiff related to his/her individual claims.  In addition, each side (the two sides are plaintiffs and defendants) shall be permitted to propound up to 25 requests for production of documents relating generally to matters within the scope of initial discovery defined above. The propounding of additional requests for production of documents shall be subject to obtaining consent of opposing counsel or leave of court.

iv.   Each named plaintiff shall be permitted to propound up to 15 requests for admissions related to his/her individual claims during the initial discovery period.  Defendants shall be permitted to propound up to 15 requests for admissions to each named plaintiff related to his/her individual claims.  In addition, each side (the two sides are plaintiffs and defendants) shall be permitted to propound up to 25 admissions relating generally to matters within the scope of initial discovery defined above. The propounding of additional requests for admissions shall be subject to obtaining consent of opposing counsel or leave of court.

v.   Plaintiffs do not anticipate the submission of expert testimony in connection with plaintiffs' motion for conditional certification under FLSA.  If defendants submit expert testimony in connection with plaintiffs' motion for

4

conditional certification, its disclosure of such expert testimony shall

accompany its response to plaintiffs' motion for conditional certification.

vi.  Disclosure of expert testimony in connection with plaintiffs' motion for class

certification under Rule 23 shall be made as follows:

1. Initial disclosures from plaintiffs: 60 days prior to end of initial

discovery period.

2. Initial disclosures from defendants:  45 days after plaintiffs' initial

disclosures.

3. Rebuttal disclosures from plaintiffs:  30 days after defendants' initial

disclosures.

4.     **Mediation.**

The parties agree that mediation would be most productive if scheduled no later than 45

days after close of the initial discovery period.

5.     **Preliminary Deposition Schedule.**

Depositions may be taken at any time within the initial discovery period.

6.     **Motions.**

Plaintiffs shall file their motion for conditional certification of their FLSA claims within

four months of the Court's entry of its final scheduling order.  Responses and replies are due

within thirty and ten days, respectively.

Plaintiffs must file their motion for class certification under Rule 23 of their NCWHA

claims within 45 days of the close of the initial discovery period.  Responses and replies are due

within forty-five and thirty days, respectively, subject to the right of any party to seek an

5

extension of time for responding or replying upon a showing that discovery necessary for responding or replying needs to be completed.

7.     **Amendment of the Pleadings.**

Plaintiffs shall be allowed until August 1, 2008, to request leave to join additional parties or to amend the pleadings.

8.     **Trial.**

Plaintiffs have demanded a jury trial.  Pending disposition of the FLSA and Rule 23 certification issues, the parties cannot predict an approximate length of trial.

9.     **Other.**

The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master, and report that no such procedures are appropriate in this case.

Defendants request a conference with the Court before the entry of the scheduling order for the purpose of facilitating settlement because they believe that settlement will be enhanced by a conference with the Court.  Plaintiffs do not join in defendants' request.

Regarding electronic discovery, in circumstances where a party is asserting that data is not reasonably accessible, that party shall provide to the other party an explanation of why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data.  If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel with the Court.

Defendants have advised plaintiffs that they foresee no preservation of data issues.

This the 16th day of January, 2008.

/s/ Jessica E. Leaven
Jessica E. Leaven, NC State Bar No. 27832
Burton Craige, NC State Bar No. 9180
Leto Copeley, NC State Bar No. 12624
Ann E. Groninger, NC State Bar No. 21676
Patterson Harkavy LLP
100 Europa Drive, Suite 250
Chapel Hill, NC  27516
Telephone: 919.942.5200
Facsimile: 919.942.5256
jleaven@pathlaw.com
bcraige@pathlaw.com
lcopeley@pathlaw.com
agroninger@pathlaw.com

*Attorneys for Plaintiffs and the*
*Proposed Plaintiff Class*

/s/ Kevin V. Parsons
Kevin V. Parsons, NC State Bar No. 19226
PARKS, CHESIN & WALBERT, P.C.
521 E. Morehead Street, Suite 120
Charlotte, North Carolina 28202
Telephone: (704) 377-2770
Facsimile: (704) 377-2703
kparsons@pcwlawfirm.com


/s/ Aaron M. Christensen
Aaron M. Christensen, NC State Bar No. 21663
SMITH AND CHRISTENSEN, L.L.P.
One Fairview Center
6302 Fairview Road, Suite 309
Charlotte, North Carolina 28210
Phone: (704) 522-1616
Facsimile: (704) 522-7111
christensen@smithchrist.com

*Attorneys for Defendants*

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Rule 26(f) Report was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to Kevin V. Parsons, kparsons@pcwlawfirm.com, Attorney for Defendants, and that a copy of the foregoing has been served this day by first-class mail, postage prepaid upon the following:

> Aaron M. Christensen
> Smith & Christensen
> 6302 Fairview Rd.
> Suite 309
> Charlotte, NC 28210

This the 16th day of January, 2008.

> /s/ Jessica E. Leaven
> Jessica E. Leaven

8