UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
FILE NO. 3:07-cv-496-GCM

| | |
|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY and DELANA PRUITT, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED MORTGAGE AND LOAN INVESTMENT, LLC; ARTHUR E. KECHIJIAN; LARRY E. AUSTIN, AUSTIN INVESTMENTS, L.P.; KECHIJIAN INVESTMENTS, L.P., UMLIC CONSOLIDATED, INC.; UMLIC HOLDINGS, LLC; UMLIC-SEVEN CORP.; UNITED MORTGAGE HOLDINGS, LLC; and UNITED MORTGAGE LOAN AND INVESTMENT, L.L.C.<br><br>Defendants. ) | AMENDED COMPLAINT |

Plaintiffs, on behalf of themselves and those similarly situated, allege as follows:

INTRODUCTION

1. This is an action for violation of federal and state wage and hour laws by and on behalf of employees who are or were employed in the office of the defendant United Mortgage and Loan Investment, LLC (hereafter "United Mortgage") in Charlotte, North Carolina. Plaintiffs allege that Defendants and their senior officers, defendants Arthur E. Kechijian (hereafter "Kechijian") and Larry E. Austin (hereafter "Austin"), willfully denied plaintiffs and other employees their rights to earned wages and overtime pay, as guaranteed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and by the North Carolina Wage and Hour Act ("NCWHA"), N.C. GEN. STAT. § 95-25.1 *et seq.*

1

## THE PARTIES

2. Plaintiff Ma'lissa Simmons (hereafter "plaintiff Simmons") is a resident of Mecklenburg County, North Carolina. Plaintiff Simmons was employed as a Junior Asset Manager at United Mortgage's Charlotte office from August 2004 to December 2004 and from June 2005 to March 1, 2006. During that period, plaintiff Simmons was an "employee" of Defendants, within the meaning and definition of the FLSA, 29 U.S.C § 203(e), and the NCWHA, N.C. GEN. STAT. § 95-25.2(4).

3. Plaintiff Monterrus Marshall (hereafter "plaintiff Marshall") is a resident of Mecklenburg County, North Carolina. Plaintiff Marshall was employed as a Junior Asset Manager at United Mortgage's Charlotte office from November 2005 to May 2006. During that period, plaintiff Marshall was an "employee" of Defendants, within the meaning and definition of the FLSA, 29 U.S.C § 203(e), and the NCWHA, N.C. GEN. STAT. § 95-25.2(4).

4. Plaintiff Yolanda Carraway (hereafter "plaintiff Carraway") is a resident of Mecklenburg County, North Carolina. Plaintiff Carraway was employed as a Junior Asset Manager at United Mortgage's Charlotte office from January 2006 to June 2006. During that period, plaintiff Carraway was an "employee" of Defendants, within the meaning and definition of the FLSA, 29 U.S.C § 203(e), and the NCWHA, N.C. GEN. STAT. § 95-25.2(4).

5. Plaintiff Delana Pruitt (hereafter "plaintiff Pruitt") is a resident of Mecklenburg County, North Carolina. Plaintiff Pruitt was employed as a Junior Asset Manager at United Mortgage's Charlotte office from June 2006 to February 2007. During that period, plaintiff Pruitt was an "employee" of Defendants, within the meaning and definition of the FLSA, 29 U.S.C § 203(e), and the NCWHA, N.C. GEN. STAT. § 95-25.2(4).

6. United Mortgage is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business and corporate headquarters in Charlotte, Mecklenburg County, North Carolina.

7. At all times relevant to this action, United Mortgage was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

8. Defendant Kechijian is a resident of Mecklenburg County, North Carolina.

9. At all times relevant to this action, Kechijian was president, chief corporate officer and owner of United Mortgage. In that capacity, Kechijian controlled significant day-to-

day functions of United Mortgage, including the determination of the wage and hour policies that are the subject of this action.

10. At all times relevant to this action, Kechijian was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d) and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

11. Defendant Austin is a resident of Mecklenburg County, North Carolina.

12. At all times relevant to this action, Austin was a senior corporate officer and owner of United Mortgage. In that capacity, Austin controlled significant day-to-day functions of United Mortgage, including the determination of the wage and hour policies that are the subject of this action.

13. At all times relevant to this action, Austin was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d) and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

14. Upon information and belief, defendant Austin Investments, L.P., is a Georgia limited partnership that transacts business in North Carolina, and is a grandparent company to United Mortgage Loan and Investment, L.L.C.

15. Upon information and belief, at all times relevant to this action, defendant Austin Investments, L.P., was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

16. Upon information and belief, defendant Kechijian Investments, L.P., is a Georgia limited partnership that transacts business in North Carolina, and is a grandparent company to United Mortgage Loan and Investment, L.L.C.

17. Upon information and belief, at all times relevant to this action, defendant Kechijian Investments, L.P., was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

18. Upon information and belief, defendant UMLIC Consolidated, Inc., is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Charlotte, Mecklenburg County, North Carolina, and parent corporation to UMLIC-Seven Corp.

19. Upon information and belief, at all times relevant to this action, defendant UMLIC Consolidated, Inc., was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

20. Upon information and belief, defendant UMLIC Holdings, LLC, is a Delaware limited liability company authorized to transact business in North Carolina, and is a parent corporation to United Mortgage Loan and Investment, L.L.C.

21. Upon information and belief, at all times relevant to this action, defendant UMLIC Holdings, LLC, was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

22. Upon information and belief, defendant UMLIC-Seven Corp. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business and corporate headquarters in Charlotte, Mecklenburg County, North Carolina.

23. Upon information and belief, at all times relevant to this action, defendant UMLIC-Seven Corp. was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

24. Upon information and belief, defendant United Mortgage Holdings, LLC, is a North Carolina limited liability company with its principal place of business in Charlotte, Mecklenburg County, North Carolina and is a grandparent corporation to United Mortgage Loan and Investment, L.L.C.

25. Upon information and belief, at all times relevant to this action, defendant United Mortgage Holdings, LLC, was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

26. Upon information and belief, defendant United Mortgage Loan and Investment, L.L.C., is a Delaware limited liability company with its principal place of business in Charlotte, Mecklenburg County, North Carolina.

27. Upon information and belief, at all times relevant to this action, defendant United Mortgage Loan and Investment, L.L.C., was an "employer" within the meaning and definition of the FLSA, 29 U.S.C § 203(d), and the NCWHA, N.C. GEN. STAT. § 95-25.2(5).

28. United Mortgage, Austin Investments, L.P., Kechijian Investments, L.P., UMLIC Consolidated, Inc., UMLIC Holdings, LLC, UMLIC-Seven Corp., United Mortgage Holdings, LLC, and United Mortgage Loan and Investment, L.L.C., were joint employers within the meaning of the FLSA regulations, 29 C.F.R. § 791.2(a), and the common law.

29. The term "Defendant" or "Defendants" in this Complaint shall be construed to include one or more of the defendants, unless the context clearly refers to a single defendant to the exclusion of the other.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring the First Claim for Relief for violations of the FLSA, as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons (hereafter the "FLSA Collective Plaintiffs") who were, are, or will be employed by Defendants the position of Junior Asset Manager on or after the date that is three years before the filing of this complaint (hereafter the "FLSA Period").

31. At all relevant times, plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, and procedures of refusing to pay them wages and overtime for hours of work they performed in excess of 40 hours per week and failing to keep accurate time records as required by FLSA. The claims of plaintiffs stated herein are similar to those of the other FLSA Collective Plaintiffs.

32. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available in Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs by first class mail to the last address known to Defendants.

33. Pursuant to the FLSA, 29 U.S.C. § 216(b), the named plaintiffs have executed consents to be parties plaintiff and to sue with respect to the FLSA claims alleged herein which are attached to this complaint. Other FLSA Collective Plaintiffs will be requested to sign and file such consents.

## NCWHA CLASS ACTION ALLEGATIONS

34. Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, the named plaintiffs Ma'lissa Simmons, Monterrus Marshall, Yolanda Carraway and Delana Pruitt (hereafter the "NCWHA Plaintiffs") bring this action to address and remedy Defendants' violations of the NCWHA, N.C. GEN. STAT. § 95-25.1 *et seq.*, on behalf of themselves and all persons described below who comprise the class of North Carolina employees (hereafter the "NCWHA Class") who were, are, or will be employed by Defendants in the position of Junior

Asset Manager on or after the date that is two years before the filing of this complaint (the "NCWHA Class Period").

35.     The Class:  The proposed class the NCWHA Plaintiffs seek to represent is presently defined as follows: all persons who have been, are, or in the future will be employed in North Carolina by Defendants as Junior Asset Manager and who were so employed during the NCWHA Class Period.  The proposed class is easily ascertainable.  The number and identity of NCWHA Class members are determinable from the records of Defendants, as are the rates of pay for each NCWHA Class member.

36.     Numerosity: The proposed class is so numerous, being all current and former Junior Asset Managers of United Mortgage, that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  While the exact number of class members is unknown to the NCWHA Plaintiffs at this time, upon information and belief, their class comprises at least 50 persons.

37.     Common Questions Predominate:  There is a well-defined commonality of interest in the questions of law and fact involving and affecting the NCWHA Class in that all of these employees worked in the position of Junior Asset Manager, and all have been harmed by Defendants' failure to pay earned wages and overtime, failure to maintain accurate records, and failure to provide accurate wage information to NCWHA Class members in violation of North Carolina law.  Common questions of law and fact exist as to members of the NCWHA Class and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited, to the following:

   i.   Whether Defendants had policies, practices, and procedures to refuse to pay earned wages and overtime to the NCWHA Plaintiffs;
   ii.  What were and are the policies, practices and procedures of Defendants regarding the furnishing to the NCWHA Plaintiffs, upon each payment of wages, accurate itemized statements documenting their hours worked and compensation earned during a particular pay period;
   iii. Whether Defendants violated North Carolina law by their policies, practices, and procedures regarding the provision of accurate itemized statements required by N.C. GEN. STAT. § 95-25.1 *et seq.*, upon each payment of wages;

      iv.    Whether Defendants refused to pay NCWHA Class members earned wages and overtime for all work performed;

      v.    Whether Defendants' refusal to pay such compensation is in violation of the NCWHA;

      vi.    What is the proper measure of damages sustained by members of the NCWHA Class.

38.    <u>Typicality</u>: The claims of plaintiffs herein are typical of those claims which could be alleged by any member of the NCWHA Class, and the relief sought is typical of the relief which would be sought by each member of the NCWHA Class in separate actions. All NCWHA Class members were subject to the same corporate practices of Defendants, as alleged herein, of refusing to pay promised and earned wages and overtime, failure to maintain accurate records, and failure to provide accurate wage information to NCWHA Class members in violation of North Carolina law. Defendants' policies and practices affected all NCWHA Class members similarly, and Defendants benefited from the same type of unfair and wrongful acts as to each NCWHA Class member. The NCWHA Plaintiffs and other NCWHA Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

39.    <u>Adequacy</u>: The NCWHA Plaintiffs are able fairly and adequately to protect the interests of all members of the class, and there are no known conflicts of interest between the NCWHA Plaintiffs and other NCWHA Class members. The NCWHA Plaintiffs have retained Patterson Harkavy LLP, a law firm experienced and competent in litigating complex employment cases, including one of the leading class actions under the NCWHA. <u>Hamilton v. Memorex Telex Corp.</u>, 118 N.C. App. 1, 454 S.E. 2d 278 (1995).

40.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual NCWHA Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NCWHA Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as class action. The prosecution of separate actions by individual members of the NCWHA Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the NCWHA Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41. <u>Public Policy Considerations</u>: Upon information and belief, Defendants and other employers throughout the state violate the NCWHA. Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating or reducing these risks.

## FACTS

42. Defendants buy and service distressed mortgage, business and consumer loans.

43. At all times pertinent to this action, Defendants have employed and continue to employ Junior Asset Managers in United Mortgage's Charlotte office.

44. The Junior Asset Manager reports to the Collection Manager.

45. The primary duty of the Junior Asset Manager is to collect payments on delinquent loans.

46. The Junior Asset Manager does not have any supervisory or managerial authority over any employees.

47. The Junior Asset Manager has no authority to hire or fire any employee or to make suggestions and recommendations as to hiring or firing any employee.

48. The Junior Asset Manager does not perform any managerial duties.

49. The Junior Asset Manager makes recommendations about the disposition of accounts, but has no significant decisionmaking authority.

50. The Collection Manager reviews the Junior Asset Manager's summaries and recommendations, and makes all significant decisions about how to proceed with the account**.**

51. At all times pertinent to this action, Defendants have routinely required the Junior Asset Managers to work in excess of 40 hours per week.

52. At all times pertinent to this action, Defendants have paid the Junior Asset Managers as salaried "exempt" employees, and has refused to pay them for hours worked in excess of 40 hours per week.

53. In August 2004 Defendants began requiring the Junior Asset Managers to fill out a time card documenting the hours that they worked. Attachment A.

54. The time cards of the Junior Asset Managers confirmed that they were routinely working more than 40 hours per week.

55. Even though the time cards confirmed that Junior Asset Managers were routinely working more than 40 hours per week, Defendants continued to pay them a fixed salary, regardless of the number of hours worked.

56. In 2006, an investigator from the United States Department of Labor visited the Defendants' office and interviewed several employees about possible violations of the FLSA by Defendants.

57. In 2006, Defendants instructed the Junior Asset Managers to stop filling out time cards. From that point forward, Defendants required the Junior Asset Managers to work "off the clock."

58. Defendants employed plaintiff Ma'lissa Simmons as a Junior Asset Manager from August 2004 to December 2004 and from June 2005 to March 1, 2006. During this time Defendants routinely required plaintiff Simmons to work in excess of 40 hours per week. Defendants failed to compensate plaintiff Simmons for the hours she worked in excess of 40 hours per week. Plaintiff Simmons has sustained substantial losses from Defendants' failure to pay her earned wages and overtime.

59. Defendants employed plaintiff Monterrus Marshall as a Junior Asset Manager from November 2005 to May 2006. During this time Defendants routinely required plaintiff Marshall to work in excess of 40 hours per week. Defendants failed to compensate plaintiff

9

Marshall for the hours he worked in excess of 40 hours per week. Plaintiff Marshall has sustained substantial losses from Defendants' failure to pay him earned wages and overtime.

60. Defendants employed plaintiff Yolanda Carraway as a Junior Asset Manager from January 2006 to June 2006. During this time Defendants routinely required plaintiff Carraway to work in excess of 40 hours per week. Defendants failed to compensate plaintiff Carraway for the hours she worked in excess of 40 hours per week. Plaintiff Carraway has sustained substantial losses from Defendants' failure to pay her earned wages and overtime.

61. Defendants employed plaintiff Delana Pruitt as a Junior Asset Manager from June 2006 to February 2007. During this time Defendants routinely required plaintiff Pruitt to work in excess of 40 hours per week. Defendants failed to compensate plaintiff Pruitt for the hours she worked in excess of 40 hours per week. Plaintiff Pruitt has sustained substantial losses from Defendants' failure to pay her earned wages and overtime.

62. Upon information and belief, other employees who work and worked for Defendants as Junior Asset Managers and who are FLSA Collective Plaintiffs and members of the NCWHA Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

63. Defendants, through their corporate management, including defendants Kechijian and Austin, have deliberately trained, supervised, instructed, and authorized its managers to engage in the above unlawful practices and has ratified their actions in order to enhance corporate profits and reduce their labor costs.

## FIRST CLAIM FOR RELIEF
FLSA Claims, 29 U.S.C. § 201 *et seq.*, Brought by Plaintiffs on
Behalf of Themselves and the FLSA Collective Plaintiffs

64. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, incorporate by reference the foregoing paragraphs as if fully set forth herein.

65. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning and definitions of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have had gross operating revenues in excess of $500,000

66. At all relevant times, Defendants have employed, and continue to employ, "employee[s]" within the meaning and definition of the FLSA, 29 U.S.C. § 203(e), including plaintiffs and each of the FLSA Collective Plaintiffs.

67. The position of Junior Asset Manager does not meet the standards for exemption under the FLSA, 29 U.S.C. § 213(a)(1).

68. Defendants, through their policies and practices described above, willfully violated the FLSA during the FLSA Period, as follows:

(a) By failing to pay plaintiffs and other FLSA Collective Plaintiffs wages and overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

(b) By regularly and routinely requiring plaintiffs and other FLSA Collective Plaintiffs to work "off the clock" and by failing to record, report, and/or compensate plaintiffs and the FLSA Collective Plaintiffs for compensable work performed in excess of 40 hours per week;

(c) By failing to make, keep, and preserve accurate time records with respect to plaintiffs and other FLSA Collective Plaintiffs sufficient to determine their wages and hours; and

(d) By other practices in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

69. Defendants' actions, described above, constitute willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

70. As set forth above, plaintiffs and other FLSA Collective Plaintiffs have sustained losses in their compensation, as a proximate result of defendants' FLSA violations. Accordingly, plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid wages and overtime compensation, and liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b); and such other legal and equitable relief as the Court deems just and proper.

71. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and the costs, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
Violation of NCWHA, N.C. GEN. STAT. § 95-25.1 *et seq.*, Brought by
Plaintiffs on Behalf of Themselves and the NCWHA Class

72. Plaintiffs, on behalf of themselves and all members of the NCWHA Class, incorporate by reference the foregoing paragraphs as if fully set forth herein.

73. It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked.

74. It is unlawful under North Carolina law for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

75. The position of Junior Asset Manager does not meet the standards for exemption under the NCWHA, N.C. GEN. STAT. § 95-25.14.

76. Defendants, through their policies and practices described above, willfully violated the NCWHA throughout the NCWHA Class Period, and continuing through the present, as follows:

   (a) By failing to pay the NCWHA Plaintiffs and other members of the NCWHA Class their earned wages for all hours worked, in violation of N.C. GEN. STAT. § 95-25.6;

   (b) By failing to pay the NCWHA Plaintiffs and other members of the NCWHA Class overtime pay, in violation of N.C. GEN. STAT. § 95-25.4;

   (c) By failing to make, keep, and preserve accurate time records with respect to the NCWHA Plaintiffs and other members of the NCWHA Class sufficient to determine their wages and hours in violation of N.C. GEN. STAT. § 95-25.15;

   (d) By failing to provide lawful notice to the NCWHA Plaintiffs and other members of the NCWHA Class of its policies and practices or any change in its policies and practices concerning compensation in violation of N.C. GEN. STAT. § 95-25.13;

   (e) By other practices in violation of the NCWHA, N.C. GEN. STAT. § 95-25.1 *et seq.*

77. Defendants' actions, described above, constitute continuing willful violations of the NCWHA, N.C. GEN. STAT. § 95-25.1 *et seq.*

78. As set forth above, the NCWHA Plaintiffs and other members of the NCWHA Class have sustained losses in compensation as a proximate result of defendants' violations of the NCWHA. Accordingly, the NCWHA Plaintiffs, on behalf of themselves and the NCWHA Class members, seek damages in the amount of their unpaid earned compensation, plus liquidated damages, as provided by the NCWHA, N.C. GEN. STAT. § 95-25.22.

79. The NCWHA Plaintiffs, on behalf of themselves and the NCWHA Class members, seek recovery of their attorneys' fees and costs, as provided by the NCWHA, N.C. GEN. STAT. § 95-25.22.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the NCWHA Class members, as defined above, request the following relief:

(1) Certification of this action as a collective action under the FLSA and designation of the above plaintiffs as representatives of the FLSA Collective Plaintiffs;

(2) Certification of this action as a class action under the NCWHA and designation of the above plaintiffs as representatives of the NCWHA Class;

(3) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NCWHA;

(4) Damages, including unpaid compensation and liquidated damages, to all FLSA Collective Plaintiffs and NCWHA Plaintiffs;

(5) Liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

(6) Liquidated damages pursuant to the NCWHA, N.C. GEN. STAT. § 95-25.22(a1);

(7) Costs of this action, including reasonable attorneys' fees pursuant to the FLSA, 29 U.S.C. § 216, and the NCWHA, N.C. GEN. STAT. § 95-25.22;

(8) Pre-judgment and post-judgment interest, as provided by law;

(9) A finding by the Court that defendants are jointly and severally liable;

(10) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues presented herein.

This the 26th day of March, 2008.

>/s/ Jessica E. Leaven
> Jessica E. Leaven, NC State Bar No. 27832
> Burton Craige, NC Bar No. 9180
> Leto Copeley, NC Bar No. 12624
> Ann E. Groninger, NC Bar No. 21676
> Patterson Harkavy LLP
> 100 Europa Drive, Suite 250
> Chapel Hill, NC  27516
> Tel: 919.942.5200
> Fax: 919.942.5256
> jleaven@pathlaw.com
> bcraige@pathlaw.com
> lcopeley@pathlaw.com
> agroninger@pathlaw.com
>
> *Attorneys for Plaintiffs and the*
> *Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to Kevin V. Parsons, kparsons@pcwlawfirm.com, Attorney for Defendants, and that a copy of the foregoing has been served this day by first-class mail, postage prepaid upon the following:

>Aaron M. Christensen
>Smith & Christensen
>6302 Fairview Rd.
>Suite 309
>Charlotte, NC 28210

This the 26th day of March, 2008.

>/s/ Jessica E. Leaven
>Jessica E. Leaven