UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY and DELANA PRUITT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> UNITED MORTGAGE AND LOAN INVESTMENT, LLC, ARTHUR E. KECHIJIAN, LARRY E. AUSTIN, AUSTIN INVESTMENTS, L.P., KECHIJIAN INVESTMENTS, L.P., UMLIC CONSOLIDATED, INC., UMLIC HOLDINGS, LLC, UMLIC-SEVEN CORP., UNITED MORTGAGE HOLDINGS, LLC, and UNITED MORTGAGE LOAN AND INVESTMENT, L.L.C. <br><br> Defendants. | CIVIL ACTION NO. 07-CV-496 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants (hereafter, collectively, "United Mortgage" or "Defendants") proffer the following memorandum of law in support of their Motion to Dismiss Amended Complaint for Failure to State a Claim.

As explained more fully below, Plaintiffs' Amended Complaint claims Defendants have violated the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) (hereafter "the FLSA") and the North Carolina Wage & Hour Act (N.C.G.S. § 95-25.1 *et seq.*) (hereafter "the NCWHA"). (Amended Complaint, pp. 10-13). The Amended Complaint alleges that each Plaintiff was an employee of Defendants and that Defendants are and were employers subject to the FLSA. The NCWHA specifically provides it does not apply to any person claiming unpaid overtime or asserting other claims covered by the FLSA. *See* N.C.G.S. § 95-25.14(a)(1). Therefore, since the Amended

1

Complaint alleges each Plaintiff is covered by the FLSA, and the NCWHA does not apply to such persons, Plaintiffs have no cause of action under the NCWHA.

## RULE 12(b)(6)
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of all or part of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This Court reviews motions under Rule 12(b)(6) by "tak[ing] the allegations in the complaint as true, and constru[ing] the facts alleged in the complaint in the light most favorable to the plaintiff." *North Carolina ex rel v. Howard*, 323 F. Supp.2d 675, 678 (W.D.N.C. 2003). A Rule 12(b)(6) motion must be granted where "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Jackson v. Blue Dolphin Communications of N.C., LLC*, 226 F. Supp.2d 785, 788-89 (W.D.N.C. 2002).

## AMENDED COMPAINT ALLEGATIONS

In essence, the Amended Complaint alleges United Mortgage "failed to compensate [the Plaintiffs] for the hours worked in excess of 40 hours per week." (Amended Complaint, pp. 9-10, ¶¶ 58-61). More specifically, the Amended Complaint alleges Defendants are "'employers' engaged in interstate 'commerce' and/or in the production of 'goods' for 'commerce' within the meaning and definition of the FLSA, 29 U.S.C. § 203." (*Id.* at p. 10, ¶ 65). According to the Amended Complaint, the Plaintiffs were "'employee[s]' within the meaning and definition of the FLSA, 29 U.S.C. § 203(e) . . ." that did "not meet the standards for exemption under the FLSA, 29 U.S.C. § 213(a)(1)." (*Id.* at p. 11, ¶¶ 66 and 67). The Amended Complaint further alleges United Mortgage "violated the FLSA . . . by failing to pay plaintiffs . . . overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week . . ." and by "failing to make, keep and

preserve accurate time records with respect to Plaintiffs. . . sufficient to determine their wages and hours . . . ." (*Id.* at p. 11, ¶ 68).

The Amended Complaint goes on to allege "[i]t is unlawful under North Carolina law [i.e. the NCWHA N.C.G.S. § 95-25.1 *et seq.*] for an employer to require or permit an employee to work in excess of 40 hours per week without paying overtime." (*Id.* at p. 12, ¶ 74). Furthermore, the Amended Complaint alleges Plaintiffs were not exempt employees under the NCWHA and, consequently, Defendants violated that statute by "failing to pay the NCWHA Plaintiffs . . . . their earned wages for all hours worked in violation of N.C.G.S. § 95-25.6 . . .", "failing to pay the NCWHA Plaintiffs . . . overtime pay in violation of N.C.G.S. § 95-25.4 . . .," "failing to make, keep and preserve accurate time records with respect to the NCWHA Plaintiffs . . .," and "failing to provide lawful notice to the NCWHA Plaintiffs . . . of its policies and practices or any change in its policies and practices concerning compensation . . . ." (*Id.* at p. 12, ¶¶ 75-76).

## ARGUMENT

**1. Plaintiffs' NCWHA Overtime Claims Against All Defendants Fail to State a Claim Because the Amended Complaint Alleges Defendants are Subject to the FLSA**

As a matter of law, Plaintiffs cannot bring a claim for unpaid overtime arising under the NCWHA while simultaneously alleging Defendants are subject to the FLSA. The NCWHA provides that "[t]he provisions of . . . G.S. 95-25.4 (Overtime) . . . and the provisions of G.S. 95-25.15(b) (Record Keeping) as they relate to these exemptions, do not apply to: (1) any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act . . . ." N.C.G.S. § 95-25.14(a)(1).

The North Carolina Supreme Court has interpreted this statute to preclude a cause of action under the NCWHA where, as here, the plaintiffs state claims for unpaid overtime under the FLSA. In *Amos v. Oakdale Knitting Company*, 331 N.C. 348 (1992), the Supreme Court of North Carolina

3

Case 3:07-cv-00496-GCM     Document 22-2     Filed 04/15/2008     Page 3 of 9

stated "[i]f, . . . defendant Oakdale Knitting is covered by the FLSA, it would be exempt from the state statute. N.C.G.S. § 95-25.14(a)(1)". *Id.* at 354. Relying on *Amos*, the Court in *Spencer v. Hyde County*, 959 F. Supp. 721 (E.D.N.C. 1997) concluded that where, as here, the employment relationship is covered by the FLSA, the defendant is exempted from liability under the NCWHA. In *Spencer*, the plaintiffs sought "to recover unpaid wages, overtime compensation, liquidated damages and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*" *Id.* at 722. The *Spencer* plaintiffs also alleged that Hyde County violated the North Carolina Wage & Hour Act ("NCWHA"). *Id.* The court in *Spencer* concluded, *citing Amos*, that the plaintiff could not simultaneously pursue the FLSA and NCWHA claims holding that the "North Carolina Supreme Court has indicated that if a defendant is covered by the FLSA, it is exempt from the state statute." *Id.* at 728. The court then dismissed the NCWHA claim. *Id.*

Likewise, in *Martin v. Airborne Express*, 16 F. Supp.2d 623 (E.D.N.C. 1996), the court considered claims for unpaid overtime under the FLSA and NCWHA. *Id.* at 626. The court determined the employment relationship was governed by the FLSA which entitled the employer to be exempt from paying overtime under the FLSA's motor carrier exemption. *Id.* at 629. Having found the FLSA applied to the employment relationship at issue, the Court then turned to N.C.G.S. § 95-25.14(a)(1) and held that provision exempts employees covered by the FLSA from liability for unpaid overtime under the NCWHA. Specifically, quoting N.C.G.S. § 95-25.14(a)(1), the *Martin* court held the NCWHA "exempts 'any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act' from the [North Carolina Wage & Hour] Act's overtime provisions. N.C.G.S. § 25.14(a) (1993)." *Id.* at 629.

Similarly, in the unreported decision of *M. Jones v. Philip Morris U.S.A., Inc.*, 2004 WL 769456 (M.D.N.C. 2004), the court reached an identical conclusion as the courts in *Amos, Spencer*

4

and *Martin*. In *M. Jones*, the Court considered the defendant's claim, based on N.C.G.S. § 95-25.14(a)(1), that "the North Carolina Wage & Hour Act does not apply to its employment of Jones." *Id.* at *3. The Court responded, citing *Spencer*, that it "agrees with Defendant's contention that Philip Morris is engaged in the production of goods for commerce, and thus is exempt from the overtime requirements of the North Carolina Wage & Hour Act in relation to its employment of Plaintiff." *Id.*

The Amended Complaint alleges that all overtime claims are covered by the FLSA stating both that Defendants are "employers" covered by the FLSA and that Plaintiffs are employees covered by the FLSA. (Amended Complaint pp. 10-11, ¶¶ 65-66). Plainly, Plaintiffs are alleging claims for unpaid overtime under the FLSA. Under N.C.G.S. § 95-25.14(a)(1), and all cases involving claims for unpaid overtime interpreting that statute, Defendants are exempted from liability for unpaid overtime under the NCWHA because they are covered by the FLSA. *Amos* declares straightforwardly that "if . . . [the] defendant . . . is covered by the FLSA, it would be exempt from the state statute." *Amos*, 331 N.C. at 354. All federal cases decided after the *Amos* decision have interpreted N.C.G.S. §95-25.14(a)(1) identically to provide that any defendant covered by the FLSA is exempt from the overtime provisions of the NCWHA.

Accordingly, since the Amended Complaint alleges the Defendants are covered by the FLSA's overtime provision, then they cannot state a claim for overtime under the NCWHA since N.C.G.S. § 95-25.14(a)(1) specifically exempts them from liability for unpaid overtime under the NCWHA. Therefore, Plaintiffs' unpaid overtime claims arising under the NCWHA must be dismissed.

## 2. The FLSA and NCWHA do not Provide for Private Causes of Action for Alleged Record Keeping and Notice Violations

The Amended Complaint alleges the Defendants violated both the FLSA and the NCWHA by failing to keep time records. *See* Amended Complaint, ¶¶ 68(c) and 76(c). However, the FLSA does not provide for a private right of action to obtain remedies for violating its record keeping provisions. Instead, the Secretary of Labor alone is vested with "authority to enforce the Act's record-keeping provisions . . . ." *Elwell v. University Hosp. Home Care Serv.*, 276 F.3d 832, 843 (6th Cir. 2002). The Secretary of Labor's authority to enforce the time-keeping provisions is found in 29 U.S.C. § 217 which solely authorizes the Secretary to bring an action for injunctive relief. Only the Secretary of Labor is empowered to bring an action to enforce the FLSA's record keeping provisions. *See Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998) *cert den.* 524 U.S. 16 (1998); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 750 F.2d 47, 51 (8th Cir. 1984); *Roberg v. Phillips Estate*, 156 F.2d 958, 963 (2nd Cir. 1946); *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3rd Cir. 1943). Therefore, Plaintiffs have no private right of action for alleged failure to keep records under the FLSA.

Furthermore, the NCWHA specifically exempts employers covered by the FLSA's record keeping requirements from maintaining records under the NCWHA. Specifically, N.C.G.S. § 95-25.14(a)(1) states "the provisions . . . of N.C.G.S. § 95-25.15(b) (Record Keeping) as they relate to these exemptions, do not apply to: any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined by the Fair Labor Standards Act." N.C.G.S. § 95-25.14(a)(1). As previously demonstrated, the Amended Complaint alleges the Plaintiffs were employed by an enterprise covered by the FLSA. Therefore, N.C.G.S. § 95-25.14 specifically exempts defendants from any record keeping obligation under the NCWHA.

Moreover, assuming Defendants had some record keeping obligations under the NCWHA, the NCWHA does not provide for a private cause of action for failure to keep records. N.C.G.S. § 95-25.15(b) does not authorize any cause of action. The only private causes of action authorized by the NCWHA are found in N.C.G.S. § 95-25.22 which provides solely for claim for unpaid minimum wages, overtime and unpaid wages. *See* N.C.G.S. § 95-25.22(a). The NCWHA authorizes no other private causes of action. Moreover, the NCWHA's record keeping provision only authorizes the Commissioner of Labor or his representative to bring claims to correct record keeping violations. *See* N.C.G.S. § 95-25.23(a). Therefore, since Plaintiffs have no authorized cause of action for record keeping violations under the NCWHA, or the FLSA, both claims should be dismissed.

Finally, Plaintiffs allege Defendants violated the NCWHA notice provisions found in N.C.G.S. § 95-25.13. The defects with this claim are identical to those outlined regarding the NCWHA's record keeping provisions. Like the record keeping provision, the notice provision does not provide for a private cause of action. The NCWHA only authorizes private causes of action for unpaid minimum wages, overtime and unpaid wages. *See* N.C.G.S. § 95-25.22. Therefore, since there is no private right of action for alleged violations of the NCWHA's notice provision found in N.G.S.G. § 95-25.13, Plaintiff's claim under this provision must be dismissed.

## **CONCLUSION**

For the above stated reasons, Plaintiffs' NCWHA claim must be dismissed in its entirety for failure to state a claim upon which relief can be granted. Likewise, Plaintiffs' FLSA record keeping claim must be dismissed for failure to state a claim upon which relief can be granted.

This 15th day of April, 2008.

/s/ Kevin V. Parsons
N.C. State Bar No. 19226
PARKS, CHESIN & WALBERT, P.C.
521 E. Morehead Street, Suite 120
Charlotte, North Carolina 28202
Telephone: (704) 377-2770
Facsimile: (704) 377-2703
Email: kparsons@pcwlawfirm.com

Aaron M. Christensen
NC State Bar No. 21663
SMITH AND CHRISTENSEN, L.L.P.
One Fairview Center
6302 Fairview Road, Suite 309
Charlotte, North Carolina 28210
Phone: (704) 522-1616
Facsimile: (704) 522-7111
Email: christensen@smithchrist.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Defendants' Memorandum of Law in Support of Their Motion to Dismiss Amended Complaint for Failure to State a Claim" in the above-captioned proceeding has been electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

>Burton Craige
>Leto Copeley
>Jessica E. Leaven
>PATTERSON HARKAVY LLP
>100 Europa Drive, Suite 250
>Chapel Hill, North Carolina 27517

This the 15th day of April, 2008.

>/s/ Kevin V. Parsons
>N.C. State Bar No. 19226
>Attorney for Defendants
>PARKS, CHESIN & WALBERT, P.C.
>521 E. Morehead Street, Suite 120
>Charlotte, North Carolina 28202
>Telephone: (704) 377-2770
>Facsimile: (704) 377-2703
>Email: kparsons@pcwlawfirm.com