UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY and DELANA PRUITT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED MORTGAGE AND LOAN INVESTMENT, LLC, ARTHUR E. KECHIJIAN, LARRY E. AUSTIN, AUSTIN INVESTMENTS, L.P., KECHIJIAN INVESTMENTS, L.P., UMLIC CONSOLIDATED, INC., UMLIC HOLDINGS, LLC, UMLIC-SEVEN CORP., UNITED MORTGAGE HOLDINGS, LLC, and UNITED MORTGAGE LOAN AND INVESTMENT, L.L.C.<br><br>Defendants. | CIVIL ACTION NO. 07-CV-496 |

## **DEFENDANTS' REPLY SUPPORTING THEIR MOTION TO DISMISS AMENDED COMPLAINT**

Defendants hereby reply in support of their motion to dismiss the Amended Complaint.

Plaintiffs' response fails to raise any issues sufficient to overcome Defendants' motion. As shown below, Plaintiffs' effort to avail themselves of the exception to the NCWHA's Fair Labor Standards Act (FLSA) exemption is not warranted under the plain language of N.C.G.S. § 95-25.14 because the version of the minimum wage statute (N.C.G.S. § 95-25.3) which was "**applicable** . . ." to them during the periods of their employment provided that the North Carolina minimum wage was equal to the minimum wage mandated by the FLSA; not "less than . . ." the FLSA's minimum wage. N.C.G.S. § 95-25.16(a)(1)(b) Furthermore, neither *Barton v. The Pantry, Inc.*, 2006 U.S. Dist. LEXIS 31290 (M.D.N.C. May 17, 2006) nor *Duncan v. Phoenix Supported Living, Inc.*, 2007 U.S. Dist. LEXIS 55722 (W.D.N.C. July 31, 2007) stand for the proposition that plaintiffs are entitled to avail themselves of the execption to the NCWHA's FLSA exemption. Moreover, Plaintiffs concede

they have no cause of action under either the NCWHA's or the FLSA's recordkeeping and notice rules, which requires dismissal of those claims. Finally, Plaintiffs cannot escape dismissal of their unpaid "earned wages" claim because they admit there are no factual allegations in support of that claim which are distinct from those supporting their overtime claims.

**1.     Plaintiffs are not Entitled to Claim Exception from the NCWHA's FLSA Exemption**

N.C.G.S. § 95-25.14(a)(1)(b) authorizes simultaneous FLSA and NCWHA claims only if "the **applicable** minimum wage under the Fair Labor Standards Act is **less than** the minimum wage provided in G.S. 95-25.3 . . . ." N.C.G.S. § 95-25.14(a)(1)(b) (emphasis added). Obviously, wage rates that never existed during a period of employment cannot be "applicable" to that employment. Therefore, Plaintiffs' arguments based on North Carolina's current minimum wage are immaterial since this case involves alleged overtime hours from prior to January 1, 2007, when North Carolina raised its minimum wage. North Carolina's current minimum wage is simply inapplicable to Plaintiff's employment which was prior to January 1, 2007.

The Complaint alleges Plaintiff Simmons "was employed . . . at United Mortgage from August 2004 to December 2004 and from June 2005 to March 1, 2006. (Amended Complaint, ¶ 2, p. 2). Plaintiff Marshall alleges he was "employed . . . at United Mortgage . . . from November 2005 to May 2006 . . . ." (*Id.* at ¶ 3, p. 2). Plaintiff Carraway alleges she was "employed . . . at United Mortgage . . . . from January 2006 to June 2006." (*Id.* at ¶ 4, p. 2). Plaintiff Pruitt alleges she was "employed from June 2006 to February 2007." (*Id.* at ¶ 5, p. 2). None of the Plaintiffs, except Pruitt, allege they were employed by United Mortgage after January 1, 2007. To the extent that Plaintiff Pruitt alleges employment into February 2007, he does not allege that he worked any overtime hours during this brief period of time.

The "applicable . . ." minimum wage in North Carolina is that minimum wage in effect at the time of Plaintiffs' employment before January 1, 2007. This "applicable . . ." minimum wage was

2

equal to the FLSA's minimum wage; not less than that minimum wage. Specifically, the "applicable . . ." pre-January 1, 2007 statute provided that the minimum wage before January 1, 2007 was "<u>at least</u> the minimum wage set forth in paragraph 1 of section 6(a) of the Fair Labor Standards Act . . . ." N.C.G.S. § 95-25.3(a) (2006) (See Exhibit A) (emphasis added). Plaintiffs' entire argument supporting their opposition to the motion to dismiss is mistakenly based on what N.C.G.S. § 95-25.3 "**[c]urrently** . . ." provides. (Plaintiffs' Brief, p. 7). However, the current version of N.C.G.S. § 95-25.3 did not become effective until January 1, 2007; well after the period Plaintiffs allege employment and the period where they allege overtime was worked. (See Exhibit B).[1] The current version of N.C.G.S. § 95-25.3 is not applicable to any Plaintiff since none of them are presently employed by United Mortgage and all of them were employed and worked overtime before January 1, 2007. Therefore, under the plain language of N.C.G.S. § 95-25.14(a)(1)(b), since the "applicable . . ." minimum wage during the time of Plaintiffs' employment under the FLSA was equal to, not "less than the minimum wage provided in G.S. § 95-25.3 . . . ," they are not entitled to their claimed exception from the FLSA exemption found in N.C.G.S. § 95-25.14(a)(1).

Each case cited by Defendants supports their position. In all of those cases, as in this case, each employee was employed at a time when North Carolina's minimum wage was equal to or less than the FLSA minimum wage. Plaintiffs concede this point stating each case cited by Defendants was "decided when North Carolina's minimum wage was not higher than the federal minimum wage . . . ." (Plaintiffs' Response to Defendants' Motion to Dismiss for Failure to State a Claim, p. 7).

---

[1] Moreover, Plaintiffs' reliance on the current version of N.C.G.S. § 95.25.3 proves too much. Under the current version of N.C.G.S. § 95-25.3, the minimum wage is either $6.15 or the minimum wage established by the FLSA; whichever is <u>higher</u>. On July 24, 2008, North Carolina's minimum wage under the current version of N.C.G.S. § 95-25.3 will exceed $6.15 per hour. 29 U.S.C. § 206(a)(1)(B). Specifically, at that time, the minimum wage under the FLSA will become $6.55 per hour, which is 40 cents more than the current North Carolina minimum wage. Therefore, using Plaintiffs' claims that the "applicable . . ." version of N.C.G.S. § 95.25.3 is the one currently in effect, only succeeds in proving that all of their NCWHA overtime claims will be extinguished on July 24, 2008.

3

The lone case cited by Plaintiffs does not support their position. In *Duncan*, the defendants argued "their enterprise is governed by the FLSA and that they are, therefore, exempt from the requirements of the state Wage and Hour Act." *Duncan*, 2007 U.S. Dist. LEXIS 55722, p. 15. The *Duncan* court noted "plaintiffs have conceded as much . . ." and then went on to argue they were "entitled to damages calculated on the higher minimum wage." *Id.* The *Duncan* court declined to dismiss the Wage and Hour Act claim solely because, in its judgment, it "may have some significance in the calculation of damages . . . ." *Id.* at p. 16. This suggests the Plaintiffs were compensated at some time at the minimum wage which required the court to look to the applicable minimum wage in order to calculate damages. <u>Since the plaintiffs in *Duncan* conceded that the NCWHA did not apply to the defendants for liability purposes because they were governed by the FLSA, the *Duncan* court did not deny summary judgment on that ground</u>. Instead, it denied summary judgment on a wholly different ground not argued by Plaintiffs in this case. Indeed, Plaintiffs cite no case, and Defendants know of no case, that applies the exception to the FLSA exemption provided for in N.C.G.S. § 95-25.14(a)(1) in the way they advocate using the <u>current</u> minimum wage statute as the "applicable . . ." statute for measuring whether the exemption to the NCWHA applies.

Plaintiffs' argument that they should be allowed to proceed with their NCWHA overtime claim "until defendants admit or plaintiffs establish that plaintiffs' entitlement to overtime is governed by the FLSA" lacks any legal foundation. (Plaintiffs' Brief, p. 8). While Plaintiffs cite no case for this novel proposition, this is a motion to dismiss which tests the viability of <u>Plaintiffs' Amended Complaint</u> and requires this Court to, as Plaintiffs themselves state, "accept all of the factual allegations in Plaintiffs' Complaint as true." (Plaintiffs' Brief, p. 4, *citing Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)). Simply stated, the legal viability of Plaintiffs' Amended Complaint does not depend on what Defendants admit or deny. Rather, <u>the viability of their</u>

4

Complaint depends on what Plaintiffs allege. Plaintiffs have plainly alleged Defendants are subject to the FLSA. (Amended Complaint, ¶ 65, p. 10). Furthermore, Plaintiffs state in their brief that "defendants concede that they are covered by the FLSA . . . ." (Plaintiffs Brief, p. 8). In view of this, it now seems firmly established that Plaintiffs' claims are covered by the FLSA. Therefore, there is no need to delay dismissal of the NCWHA overtime claim until Defendants file their answer.

**2. Since Plaintiffs Have Not Alleged Any Non-Overtime NCWHA Violation, Their Entire NCWHA Claim Must Be Dismissed**

Plaintiffs distinguish their so-called "earned wages" from their overtime claims in an effort to rescue the "earned wages" claim from dismissal. The distinction between claims under N.C.G.S. § 95-14.6 (earned wages) and claims under N.C.G.S. § 95-14.4 (overtime) is important, but does not provide any assistance to Plaintiffs. The NCWHA's earned wages provision allows employees to recover unpaid wages by an employer that is distinct from overtime compensation for hours worked by non-exempt employees in excess of 40 hours per week. Essentially, the "earned wages" provision allows employees to recover unpaid wages <u>other than overtime</u> such as commissions, salary, bonuses and vacation pay. No cases cited by Plaintiffs holds that N.C.G.S. § 95-25.6 allows employees to recover unpaid overtime. Indeed, such a holding would be an extravagant re-writing of the NCWHA which plainly distinguishes between unpaid non-overtime wages and overtime wages by enacting two separate statutes to govern these distinct claims.

Indeed, Plaintiffs specifically admit that their Amended Complaint does not allege claims for any unpaid wages other than overtime. Plaintiffs state in their brief "the same facts support Plaintiffs' NCWHA claims for overtime and earned wages . . . ." (Plaintiffs' Brief, p. 9). Moreover, that Plaintiffs' allegation of unpaid wages is not distinguishable in the Amended Complaint from their allegations of unpaid overtime is revealed by a comparison of Complaint ¶ 68(a) and ¶¶ 76(a) and (b). Paragraph 68(a) alleges Defendants failed to pay Plaintiffs "wages and overtime

5

compensation . . . " in violation of the FLSA. (Amended Complaint ¶ 68(a). The FLSA, as it relates to this case, only allows recovery of unpaid overtime, yet Plaintiffs plead their overtime claim alleging unpaid "wages and overtime . . . ." *See* 29 U.S.C. § 216(b). Identically, paragraphs 76 (a) and (b) also allege claims for unpaid wages and overtime. A fair reading of the Amended Complaint shows that Plaintiffs' allegations of unpaid wages is synonymous with unpaid overtime. That is, Plaintiffs admit the factual allegations of the Amended Complaint only seek recovery of overtime wages earned from work in excess of 40 hours per week. Plaintiffs admit they are not seeking unpaid compensation other than overtime. However, Plaintiffs are seeking to recover unpaid overtime under both the "earned wages" and overtime provision of the NCWHA. This admission has multiple fatal implications to their N.C.G.S. § 95-25.6 claim.

First, the "earned wages" provision in N.C.G.S. § 95-25.6 and the overtime provision found in N.C.G.S. 95-25.4 cannot be construed to simultaneously allow recovery of overtime. Indeed, if both statutes allowed recovery for overtime, that would be an irrational legislative redundancy. If N.C.G.S. § 95-25.6 allowed recovery of both regular non-overtime wages and overtime wages, there would be no reason for N.C.G.S. § 95-25.4 to exist. Plaintiffs cite to no case, and Defendants know of no case, that recognizes that the "earned wages" provision allows recovery for unpaid overtime in addition to the overtime provision found in N.C.G.S. § 95-25.4. Unpaid overtime is solely recoverable under N.C.G.S. § 95-25.4; not N.C.G.S. § 95.6. Yet, Plaintiffs admit that they are only seeking recovery of unpaid overtime under both N.C.G.S. § 95-25.4; and N.C.G.S. § 95.6.

Second, there is no authority cited by Plaintiffs and none known to Defendants, that allows Plaintiffs to recover unpaid overtime under N.C.G.S. § 95-25.6. Given Plaintiffs' admission that <u>as a matter of fact</u> they are only seeking unpaid overtime, their allegations under N.C.G.S. § 95-25.6 fail to state a claim upon which relief can be granted because the Complaint does not allege facts that would support recovery of non-overtime wages.

6

Third, Plaintiffs cannot escape the exemption required by N.C.G.S. § 95-25.4(a)(1) for all overtime claims by merely seeking to recover them under a differently numbered statute. Clearly, N.C.G.S. § 95-25.14(a)(1) contemplates both that the only means of recovery of unpaid overtime found in the NCWHA is under N.C.G.S. § 95-25.4 and that all such claims for overtime are exempted from the NCWHA where, as here, those claims are covered by the FLSA. Plaintiffs' theory, if allowed, would essentially nullify the legislature's intent to exempt employees covered by the FLSA's overtime provisions from redundant claims under the NCWHA. As Plaintiffs would have it, litigants could always circumvent the NCWHA's exemption of employees covered by the FLSA merely by alleging overtime claims under N.C.G.S. § 95-25.6 rather than N.C.G.S. § 95-25.4. This Court must not remake the NCWHA into a redundant overtime claims statute where the North Carolina legislature has expressed its policy preference to limit claims for overtime to the FLSA for employers covered by that statute.

Fourth, even assuming Plaintiffs have some basis for alleging non-overtime unpaid wages under N.C.G.S. § 95-25.6, this Court should nonetheless dismiss all unpaid overtime wages claims asserted in deference to the clear legislative intent to exempt all overtime claims covered by the FLSA. To do otherwise would render meaningless the exemption found in N.C.G.S. § 95-25.14(a)(1). In effect, it would allow employees to claim unpaid overtime under N.C.G.S. § 95-25.6 and entirely circumvent the FLSA exemption. This Court will search in vain for any factual allegation in the Amended Complaint that Plaintiffs have not been paid all non-overtime wages. As to each Plaintiff, the Complaint only alleges they were not paid for "work in excess of 40 hours per week." (Amended Complaint, ¶¶ 58-61, pp. 9-10). There is no mention of unpaid wages for hours worked that were 40 hours or less per week.

Since Plaintiffs' own version of their Complaint indicates they are bringing no claim for non-overtime unpaid wages, and the NCWHA plainly exempts all overtime claims covered by the FLSA, Plaintiffs' claims arising under NCGS § 95-25.6 and N.C.G.S. § 95-25.4 must be dismissed.

### 3. Plaintiffs Concede Their Recordkeeping and Notice Provision Claims are not Actionable

Plaintiffs concede that neither the FLSA nor the NCWHA provide for a private cause of action for the recordkeeping or notice provisions contained in these statutes. (Plaintiffs' Brief, p. 10). Nonetheless, they seek to preserve these claims from dismissal by arguing they are nonetheless relevant to their case. But by definition, claims that are not actionable are plainly irrelevant. Just as plainly, the Amended Complaint alleges violations of the recordkeeping (Amended Complaint, ¶¶ 68 and 76) and notice provisions (Complaint, ¶ 76(d)). The Amended Complaint then claims these actions "constitute willful violations of the FLSA . . ." (*Id.*, ¶ 69) and the NCWHA (*Id.* ¶ 77) and seeks damages, attorney's fees and other relief for these alleged violations. (*Id.*, ¶¶ 70, 76, 78 and 79). Since Plaintiffs are seeking judicial relief for the recordkeeping and notice provisions, yet they concede those claims are not actionable, this Court should grant Defendants' Motion to Dismiss these claims so as to remove any doubt, narrow the issues to only viable claims, and streamline this case.

Finally, as demonstrated above, since N.C.G.S. § 95-14(a)(1) clearly does apply to Plaintiffs, this statute also mandates dismissal of the recordkeeping claims.

## CONCLUSION

For the above stated reasons, Defendants respectfully request that the Court grant their Motion to Dismiss the Amended Complaint and enter an order dismissing with prejudice all of Plaintiffs' overtime claims arising under the NCWHA and their FLSA and NCWHA recordkeeping and notice provision claims.

This 5th day of May, 2008.

/s/ Kevin V. Parsons
N.C. State Bar No. 19226
PARKS, CHESIN & WALBERT, P.C.
521 E. Morehead Street, Suite 120
Charlotte, North Carolina 28202
Telephone: (704) 377-2770
Email: kparsons@pcwlawfirm.com

Aaron M. Christensen
NC State Bar No. 21663
SMITH AND CHRISTENSEN, L.L.P.
One Fairview Center
6302 Fairview Road, Suite 309
Charlotte, North Carolina 28210
Phone: (704) 522-1616
Email: christensen@smithchrist.com

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Defendants Reply Supporting Their Motion to Dismiss Amended Complaint" in the above-captioned proceeding has been electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

>Burton Craige
>Leto Copeley
>Jessica E. Leaven
>PATTERSON HARKAVY LLP
>100 Europa Drive, Suite 250
>Chapel Hill, North Carolina 27517

This the 5th day of May, 2008.

>/s/ Kevin V. Parsons
>N.C. State Bar No. 19226
>Attorney for Defendants
>PARKS, CHESIN & WALBERT, P.C.
>521 E. Morehead Street, Suite 120
>Charlotte, North Carolina 28202
>Telephone: (704) 377-2770
>Email: kparsons@pcwlawfirm.com