UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY and DELANA PRUITT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | CIVIL ACTION NO. 07-CV-496 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED MORTGAGE AND LOAN INVESTMENT, LLC, ARTHUR E. KECHIJIAN, LARRY E. AUSTIN, AUSTIN INVESTMENTS, L.P., KECHIJIAN INVESTMENTS, L.P., UMLIC CONSOLIDATED, INC., UMLIC HOLDINGS, LLC, UMLIC-SEVEN CORP., UNITED MORTGAGE HOLDINGS, LLC, and UNITED MORTGAGE LOAN AND INVESTMENT, L.L.C. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### I. FACTS AND PROCEDURAL HISTORY

Plaintiffs' Amended Complaint seeks compensation for unpaid overtime under the Fair Labor Standards Act (hereafter "FLSA") (29 U.S.C. § 201 *et seq.*) and the North Carolina Wage & Hour Act (hereafter "NCWHA") (N.C.G.S. § 95-25.1 *et seq.*). Without admitting liability or conceding fault, Defendants have made a written offer to all named and opt-in Plaintiffs for full relief, including backpay, liquidated damages, reasonable attorney's fees and allowable costs. (Exhibit A). This offer affords Plaintiffs the maximum relief they could possibly obtain in this case.

For reasons explained more fully below, this offer moots this case because it completely satisfies Plaintiffs' demands in the Amended Complaint and extinguishes any active case or controversy. *See, e.g., Mackenzie v. Kindred Hospitals East, LLC,* 276 F. Supp. 2d 1211, 1219

1

(M.D. Fla. 2003) ("an offer of judgment of full relief renders case moot."). Further litigation of this case would needlessly entangle this Court in further litigation, and serve no purpose other than to multiply attorney's fees.

Plaintiffs' case was removed to this Court on November 21, 2007. On November 26, 2007, Defendants filed a Motion to Dismiss for Failure to State a Claim seeking dismissal of Plaintiffs' NCWHA claims. Defendants have repeatedly sought to resolve this case without hesitation, delay or escalation of costs. For example, since removal, Defendants' counsel has repeatedly sought from Plaintiffs' counsel a "statement of the damages and other relief . . ." sought by her clients. (Exhibit B). Defendants' counsel was assured that Plaintiffs' counsel was "working on the demand and will provide it to you as soon as possible." Plaintiffs never kept their word. Despite the requirement under Fed. R. Civ. P. 26(f)(2) that parties to litigation must explore "the possibilities for promptly settling or resolving the case . . ." no promised demand was made by Plaintiffs' counsel. To facilitate efforts to resolve this case, Defendants have also sought "a conference with the Court before the entry of a scheduling order for the purpose of facilitating settlement . . . ." (Joint Rule 26(f) Report, p. 6 ¶ 9). Plaintiffs refused to join in this request. (*Id.*).

After the filing of the Joint Rule 26(f) Report, Plaintiffs' counsel has only escalated this case filing nine Notice of Consent forms allowing nine more Plaintiffs to opt in to this case under the FLSA. Again, despite prior assurances to the contrary, Plaintiffs still provided Defendants with no settlement demand. This effectively prevented Defendants from making an offer of judgment under Fed. R. Civ. P. 68. On March 26, 2008, Plaintiffs expanded this case further by filing an Amended Complaint which essentially added ten (10) new defendants and eliminated Plaintiffs' request for injunctive and other equitable relief. (Amended Complaint). On April 15, 2008, Defendants renewed their Motion to Dismiss for Failure to State a Claim. In an effort to finally resolve this

case, on May 16, 2008, Defendants' counsel communicated in writing an "offer to each opt-in plaintiff [of] full relief in this case." This offer of complete relief mooted this case because it resolved completely any case or controversy between the parties. Plaintiffs responded on May 21, 2008, by filing a Motion for Court-Supervised Notice, Conditional Certification, and Disclosure of Identifying Information. This motion serves only to increase the number of plaintiffs in this case, multiply its complexity and costs, prolong this controversy and eventually transform it into protracted litigation without a legitimate purpose. Plaintiffs have yet to accept or reject the offer made to provide them with full relief.[1] Instead, at every turn, their response to overtures to resolve this dispute has been to expand it.

## II. ARGUMENT

### 1. This Case is Moot Because There Remains No Case or Controversy Between the Parties

Under the United States Constitution, federal courts have no jurisdiction over cases unless there is a live case or controversy between the litigants. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Cedar Coal Co. v. United Mine Workers of America*, 560 F.2d 1153, 1162 (4th Cir. 1977) ("the exercise of judicial power depends upon the existence of a case or controversy.") This Court does not exist to create controversy; rather, it exists to resolve disputes. This Court's power ends when there is no controversy. "Federal courts have no power to hear moot cases, and because a case can become moot at anytime . . . the doctrine prevents a federal court from exercising its . . . jurisdiction in a moot case." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006). Cases become

---

[1] Under North Carolina's Rules of Professional Conduct, a lawyer is obligated to "expedite litigation consistent with the interests of the client." N. C. R. Prof. Cond. Rule 3.2. Furthermore, lawyers are ethically prohibited from representing one or more clients when "the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or the personal interests of the lawyer." *Id.* at Rule 1.7(a)(2). For example, "a conflict of interest exists if a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client may be materially limited as a result of the lawyer's other responsibilities or interest. (Comment 9, Rule 1.7). "The lawyer's personal interest should not be permitted to have an adverse effect on representation of a client." (Comment 10, Rule 1.7).

moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) *quoting United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1180), *see also Melan v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). Moreover, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 457 (4th Cir. 2005) *quoting Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

More specifically, in FLSA cases where the plaintiff seeks to recover unpaid overtime, "when a defendant offers a plaintiff the maximum the plaintiff could possibly recover at trial, no justiciable controversy remains, as the offer moots the action." *Louisdor v. American Telecommunications*, 540 F. Supp.2d 368, 372 (E.D.N.Y. 2008) *see also Darboe v. Goodwill Industries of Greater NY and Northern NY, Inc.*, 485 F. Supp.2d 221, 223 (E.D.N.Y. 2007), *MacKenzie*, 276 F. Supp.2d at 1219; *Vogel v. American Kiosk Management*, 371 F. Supp. 2d 122, 127-28 (D. Conn. 2005); *Wiskur v. Short Term Loans, LLC*, 94 F. Supp.2d 937, 939 (N.D. Ill. 2000). In *Darboe*, the defendants offered to pay plaintiffs' damages and court ordered attorney's fees and costs. *Darboe*, 485 F. Supp. 2d at 222. The plaintiffs rejected this offer. *Id.* The court found the case was mooted and must be dismissed because "[w]here a defendant offers plaintiff all the relief sought, the plaintiff is said to lose his personal stake in litigation and the issues in the action are no longer live." *Id.* at 223. In this case, the Defendants' offer of full relief divests this court of jurisdiction requiring dismissal. *Id.*

Similarly, in *MacKenzie*, the defendant offered to "compensate [the plaintiff] in full for his alleged damages. . ." while "disput[ing] that it violated the FLSA . . . ." *MacKenzie*, 276 F. Supp. 2d at 1213. The plaintiff rejected the offer and moved to strike it as "inappropriate in a collective FLSA action." *Id.* at 1213, 1215. Then, as in this case, the plaintiff "filed a motion to facilitate court-

4

Case 3:07-cv-00496-GCM   Document 31-2   Filed 05/29/2008   Page 4 of 9

authorized notice of this lawsuit to potential collective action members, to designate this matter as a collective action, and to order the defendant to produce a data file permitting the identification of potential plaintiffs." *Id.* The *MacKenzie* court rejected this cynical and litigious strategy, holding that the full offer of relief rendered "this matter moot." *Id.* The court observed "[i]t was plainly economically reasonable for the defendant to offer to pay the plaintiff's claim in full in order to avoid attorney's fees that could substantially exceed the amount paid. Indeed, it would seem unfair if the defendant were precluded from taking that action, especially since such a payment would have no effect on any other person's claim." *Id.* at 1212. The court ultimately concluded that "[t]he defendant's offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer." *Id.* at 1219. Moreover, since the case was mooted by an offer of full relief, the court held "there is no basis for granting the plaintiff's request to certify this case as a collective action . . . ." *Id.* at 1221.

Indeed, there is abundant authority holding that an offer of full relief, "even if rejected, renders the case moot and subject to dismissal." *Darboe*, 485 F. Supp.2d at 223, *see also Vogel*, 371 F. Supp.2d at 128; *Ward v. Bank of New York*, 455 F. Supp.2d 262, 265 (S.D.N.Y. 2006). Regardless of whether Plaintiffs accept or reject Defendants' offer of full relief, this case is now moot and must be dismissed.

All Plaintiffs' claims have been mooted by Defendants' offer of full relief. There no longer remains any dispute between the parties since Defendants have agreed to furnish Plaintiffs all relief sought in their Amended Complaint. "In such cases, there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Darboe*, 485 F. Supp. 2d at 223, *citing Abrams v. Interco, Inc.*, 719 F.2d 23, 32 (2nd. Cir. 1983). In this case, the only possible justification for further litigation is to increase the

5

amount of money spent on lawyers. Such litigation will needlessly delay what would otherwise be immediately available relief to the actual Plaintiffs while wasting this Court's time and resources.

  **2.** **Multiple Plaintiffs do not Preclude Dismissal**

  The mere fact that there are multiple opt-in or potential opt-in Plaintiffs in this case does not alter the fact that it is moot and must be dismissed. The FLSA does not prevent "a defendant from attempting to settle a putative class action by making a pre-class-certification offer to the named plaintiff under Rule 68." *Vogel*, 371 F. Supp. 2d at 127. More specifically, an offer of full relief "moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees." *Ward*, 455 F. Supp.2d at 267, *citing, Abrams*, 719 F.2d at 32; *Vogel*, 371 F. Supp.2d at 128. As to the FLSA claim brought in the Amended Complaint, no individual opt-in plaintiff represents a class of plaintiffs. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). Consequently, "[u]nder § 216(b) the action does not become a collective action unless other plaintiffs affirmatively opt into the class by giving written and filed consents." *Id.* That is, "a § 216 (b) plaintiff has no claim that he is entitled to represent other plaintiffs." *Id.* Accordingly, once this case became moot as to the opt-in Plaintiffs, the potential for future opt-in plaintiffs does not prevent the entire case from becoming moot. *Vogel*, 371 F. Supp.2d at 128.

  Furthermore, "there is no basis for granting the Plaintiffs' request to certify this case as a collective action" since the case has been mooted as to all opt-in Plaintiffs. *MacKenzie*, 276 F. Supp. 2d at 1221. Where the individual claims of opt-in plaintiffs in an FLSA collective action have been mooted, the entire FLSA case is moot. *Cameron-Grant*, 347 F.3d at 1249.

  Moreover, where there are claims that are potentially certifiable as an opt-out class under Fed. R. Civ. P. 23, such as the NCWHA claim in this case, there is no basis for denying a motion to

6

dismiss for lack of subject matter jurisdiction where, as here, the case has been mooted prior to the filing of a motion for class certification.[2] "An offer of settlement (or judgment) greater than the named plaintiff's claim that comes before a motion for class certification is the equivalent of a default judgment against the defendant, and eliminates the legal dispute upon which federal jurisdiction can be based." *Wiskur*, 94 F. Supp.2d at 940. Stated differently, "normally, when claims of the named plaintiffs become moot before class certification, dismissal of the action is required." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3rd Cir. 1992). As the *Lusardi* court recognized, "[i]n such a situation, there is no plaintiff (either named or unnamed) who can assert a justifiable claim against any defendant and consequently there is no longer a case or controversy within the meaning of Article III of the Constitution." *Id., quoting Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1041 (5th Cir. 1981). Simply put, "[i]f a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction." *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000); *citing Board of School Commissioners v. Jacobs*, 420 U.S. 128, 129 (1975), *Comer v. Cisneros*, 37 F.3d 775, 798 (2nd Cir. 1994); *Swan v. Stoneman*, 635 F.2d 97, 102 n. 6 (2nd Cir. 1980).

Therefore, the presence of multiple plaintiffs or potential class certification under Fed. R. Civ. P. 23 does not preclude dismissal of this case as moot. In fact, the opposite is true since all FLSA plaintiffs have been offered full relief and no named Plaintiffs have standing to serve as prospective class representatives under Rule 23. Consequently, this case must be dismissed for lack of subject matter jurisdiction since there no longer remains a case or controversy under the Constitution.

## **CONCLUSION**

---

[2] Furthermore, as demonstrated in Defendants' Motion to Dismiss Amended Complaint and supporting Memorandum of Law, Plaintiffs' NCWHA claim fails to state a claim for relief. This is another reason which

7

Defendants' offer to settle this case for full relief entirely extinguished any case and controversy to support jurisdiction in this Court. This case is now moot. Therefore, Defendants respectfully request that the Court dismiss this case with prejudice for lack of subject matter jurisdiction.

This 29th day of May, 2008.

/s/ Kevin V. Parsons
N.C. State Bar No. 19226
PARKS, CHESIN & WALBERT, P.C.
521 E. Morehead Street, Suite 120
Charlotte, North Carolina 28202
Telephone: (704) 377-2770
Facsimile: (704) 377-2703
Email: kparsons@pcwlawfirm.com

Aaron M. Christensen
NC State Bar No. 21663
SMITH AND CHRISTENSEN, L.L.P.
One Fairview Center
6302 Fairview Road, Suite 309
Charlotte, North Carolina 28210
Phone: (704) 522-1616
Facsimile: (704) 522-7111
Email: christensen@smithchrist.com

**ATTORNEYS FOR DEFENDANTS**

---

requires dismissal of the NCWHA claim.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing "Defendants' Memorandum of Law in Support of Motion to Dismiss For Lack of Subject Matter Jurisdiction" in the above-captioned proceeding has been electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

> Burton Craige
> Leto Copeley
> Jessica E. Leaven
> PATTERSON HARKAVY LLP
> 100 Europa Drive, Suite 250
> Chapel Hill, North Carolina 27517

This the 29th day of May, 2008.

>  /s/ Kevin V. Parsons
> N.C. State Bar No. 19226
> Attorney for Defendants
> PARKS, CHESIN & WALBERT, P.C.
> 521 E. Morehead Street, Suite 120
> Charlotte, North Carolina 28202
> Telephone: (704) 377-2770
> Facsimile: (704) 377-2703
> Email: kparsons@pcwlawfirm.com