IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07 CV 496-MU

| | | |
|---|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY, and DELANA PRUITT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| UNITED MORTGAGE AND LOAN INVESTMENT, LLC, ARTHUR E. KECHIJIAN and LARRY E. AUSTIN | ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim. (Document #4). For the reasons set forth below, this Motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Defendant United Mortgage and Loan Investment, LLC ("United Mortgage") is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business and corporate headquarters in Charlotte, Mecklenburg County, North Carolina. (Document #12, pg. 6). Defendants Arthur E. Kechijian and Larry E. Austin are both corporate officers of United Mortgage. United Mortgage buys and services distressed mortgage, business and consumer loans. United Mortgage has employed and continues to employ Junior

1

Asset Managers in its Charlotte office. Plaintiffs Ma'lissa Simmons, Monterrus Marshall, Yolanda Carraway and Delana Pruitt (together "Plaintiffs") are all Junior Asset Managers, and Plaintiffs' complaint states that the proposed class Plaintiffs seek to represent are all persons who have been, are, or in the future will be employed as Junior Asset Managers (Document #1-2, pg. 8). The primary duty of the Junior Asset Managers is to collect payments on delinquent loans; they have no supervisory or managerial authority.

Plaintiffs allege that United Mortgage has routinely required its Junior Asset Managers to work in excess of 40 hours per week. Plaintiffs also allege that United Mortgage has paid its Junior Asset Managers as salaried "exempt" employees and has refused to pay them for hours worked in excess of 40 hours per week. (Document #1-2, pg. 11). In August 2004, United Mortgage required the Junior Asset Managers to fill out time cards documenting the number of hours they worked. Plaintiffs allege that the time cards confirmed that Plaintiffs were routinely working more than 40 hours per week. In 2006, an investigator from the United States Department of Labor visited United Mortgage and interviewed several employees about possible violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that after that visit, United Mortgage instructed the Junior Asset Managers to stop filling out time cards and work "off the clock." (Document #1-2, pg. 11). Plaintiffs allege that other employees of United Mortgage were given the same instructions and that Plaintiffs have sustained substantial losses.

Plaintiffs filed summons and complaint with United Mortgage in Mecklenburg County Civil Superior Court on October 17, 2007. On November 26, 2007, United Mortgage removed the action to this Court. (Document #5, pg. 1). Plaintiffs present two claims. The first is a claim for various violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-255(a) (2007).

The second is a claim for violations of the North Carolina Wage and Hour Act ("NCWHA"), North Carolina General Statutes §§ 95-25.1-.22 (2007). The Court will examine each in turn.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of all or part of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This Court has held that when applying a 12(b)(6) motion, "the [C]ourt must take the allegations in the complaint as true, and construe the facts alleged in the complaint in the light most favorable to the plaintiff." N.C. ex rel. Kasler v. Howard, 323 F.Supp.2d 675, 678 (W.D.N.C. 2003) (citation omitted)). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355U. S. 41, 47 (1957)). Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

**NCWHA Claims**

In the second claim for relief, Plaintiffs' complaint states that United Mortgage violated provisions of the NCWHA, specifically that United Mortgage did not pay Plaintiffs for hours worked or for overtime, that it failed to keep accurate time records, and failed to provide notice of changes in its compensation policies. N.C. Gen. Stat. §§ 95-25.1-.22 (2007). (Document #1-2, p. 14-15). However, N.C. Gen. Stat. § 95-25.14(a)(1) provides that certain provisions of the NCWHA, specifically those that pertain to overtime and record keeping (§ 95-25.4 and § 95-25.15(b)) do not apply if the employee works for "an enterprise engaged in commerce or the

3

production of goods for commerce as defined in the FLSA." N.C. Gen. Stat. § 95-25.14(a)(1) (2007). Plaintiffs have alleged in their complaint that United Mortgage is an employer that engages in commerce under the FLSA (Document #1-2, p. 13).

Case law has applied the NCWHA exemption when a party is engaged in commerce under the FLSA and is sued under both FLSA and NCWHA claims. See M. Jones v. Philip Morris U.S.A., Inc., 2004 U.S. Dist. LEXIS 6224, 2 (M.D.N.C. 2004) (holding that the NCWHA did not apply to an employer engaged in commerce under the FLSA); Spencer v. Hyde County, 959 F.Supp.721, 728 (E.D.N.C. 1997) (citing the North Carolina Supreme Court to find that a plaintiff could not simultaneously pursue FLSA and NCWHA claims if the employment relationship was covered by the FLSA); Martin v. Airborne Express, 16 F.Supp.2d 623, 629 (E.D.N.C. 1996) (citing N.C. Gen. Stat. § 95-25.14(a) to determine that an employer covered by the FLSA was exempt from liability under the NCWHA); Amos v. Oakdale Knitting Co., 331 N.C. 348, 353, 416 S.E.2d 166, 169 (1992) ("Businesses covered by the FLSA are exempt from the state Wage and Hour Act").

Plaintiffs argue that their claim under NCWHA is allowed despite the fact that they clearly assert that United Mortgage is engaged in interstate commerce under the FLSA. Plaintiffs argue that the exemption in N.C. Gen. Stat. § 95-25.14(a) does not apply because of language in N.C. Gen. Stat. § 95-25.14(a)(1)(b) that states

> Notwithstanding the above, any employee other than a learner, apprentice, student or handicapped worker as defined in the Fair Labor Standards Act who is not otherwise exempt under the other provisions of the this section, and for whom the applicable minimum wage under the Fair Labor Standards Act is less than the minimum wage provided in G.S. 95-25.3, is not exempt from the provisions of G.S. 95-25.3 or G.S. 95-25.4.

4

N.C. Gen. Stat. § 95-25.14(a)(1)(b). Plaintiffs point out that the current minimum wage in North Carolina is $6.15 per hour, which is thirty cents higher than the federal minimum wage, therefore the exemption in N.C. Gen. Stat. § 95-25.14(a)(1)(b) does not apply to their claim (Document #5, p. 7). However the rate of $6.15 per hour was not in effect during the period that Plaintiffs were employed by United Mortgage (Document #6, p. 2).[1] The statute specifically says "applicable" minimum wage law, which suggests that the legislature intended to apply the minimum wage law in effect when the employee was employed. Plaintiffs' NCWHA claim does not fall under the scope of N.C. Gen. Stat. § 95-25.14(a)(1)(b).

Though notice pleading does not require that the Plaintiffs allege facts with the utmost specificity, there is no basis of relief for Plaintiffs in this case when a provision in the very statute upon which they rely exempts United Mortgage from liability. Both the North Carolina District Courts and the North Carolina Supreme Court have interpreted N.C. Gen. Stat. § 95-25.14(a)(1) to state that NCWHA does not apply if the employer is engaged in commerce under the FLSA. Plaintiffs have alleged in their complaint that United Mortgage is an employer engaged in commerce under the FLSA. North Carolina law mandates that there is no legal remedy for Plaintiffs' NCWHA claims as long as Plaintiffs also seek liability under the FLSA.

**FLSA Claim**

In their complaint, Plaintiffs allege that United Mortgage is an employer engaged in interstate commerce and/or the production of goods for interstate commerce within the meaning

---

[1] One plaintiff, Delana Pruitt, was employed until February 2007, after the minimum wage rate was raised to $ 6.15 in North Carolina. This does not affect the inapplicability of N.C. Gen. Stat. § 95-25.14(a)(1)(b) however, because Ms. Pruitt does not allege that she worked any overtime hours during this month (Document #6, pg. 2).

5

and definitions of the FLSA, 29 U.S.C. § 203(e) (2007). (Document #1-2, p. 13). Plaintiffs further allege that United Mortgage violated several provisions of the FLSA including, but not limited to 1) failure to pay Plaintiffs wages and overtime compensation for work performed for United Mortgage in excess of 40 hours per week, 2) requiring Plaintiffs to work "off the clock" and failing to compensate Plaintiffs for work performed during this time, 3) failing to keep accurate time records for purposes of compensating Plaintiffs, and 4) various other violations of the FLSA. 29 U.S.C. §§ 201-255(a) (2007) (Document #1-2, pg. 13).

Unlike the claims made under the NCWHA that directly conflict with state and federal case law, Plaintiffs' claims under the FLSA are not prohibited by law. As Plaintiffs state in their Response to United Mortgage's Motion to Dismiss, the purpose of a Rule 12(b)(6) motion is merely to test the sufficiency of a complaint, not resolve contests surrounding the facts, the merits of a claim, or applicability of defenses. See Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (citations omitted). Reviewing Plaintiffs' FLSA claims under a light most favorable to Plaintiffs, and taking their factual allegations as true, it seems that Plaintiffs have sustained the burden to survive a 12(b)(6) motion to dismiss.

For these reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' North Carolina Wage and Hour Act claims and DENIED with regards to Plaintiffs' Fair Labor Standards Act claims.

Signed: May 30, 2008

Graham C. Mullen
United States District Judge