IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07 CV 496-MU

| | |
|---|---|
| MA'LISSA SIMMONS, MONTERRUS MARSHALL, YOLANDA CARRAWAY, and DELANA PRUITT, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) Plaintiffs, ) ) vs. ) ) UNITED MORTGAGE AND LOAN INVESTMENT, LLC, ARTHUR E. KECHIJIAN and LARRY E. AUSTIN ) ) ) ) ) Defendants. ) | ORDER |

THIS MATTER is before the Court on Defendants' 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; and Plaintiffs' motions to Certify Class, to Amend/Correct the Motion to Certify Class, and for Reconsideration of this Court's previous Order on Motion to Dismiss. For the reasons set forth below, the Defendants' Motion is GRANTED and the Plaintiffs' Motions are DENIED.

**BACKGROUND**

Defendant United Mortgage and Loan Investment, LLC ("United Mortgage") is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business and corporate headquarters in Charlotte, Mecklenburg County, North Carolina. (Am. Compl. ¶ 1, 6, 22.) Defendants Arthur E. Kechijian and Larry E. Austin are both corporate officers of United Mortgage. (*Id*. ¶ 8, 9, 11, 12.) United Mortgage buys and services distressed mortgage, business, and consumer loans. (*Id.* ¶ 42.) United Mortgage has employed, and continues to employ, Junior Asset Managers in its Charlotte office. (*Id.* ¶ 43.) Plaintiffs Ma'lissa Simmons, Monterrus Marshall, Yolanda Carraway and Delana Pruitt ("Plaintiffs") were

all Junior Asset Managers. (*Id.* ¶ 58-61.) Plaintiffs sue under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-255(a), and seek to redress the claims of persons who have been, are, or in the future will be employed as Junior Asset Managers. (*Id.* ¶ 30.)

Plaintiffs filed summons and complaint with United Mortgage in Mecklenburg County Civil Superior Court. United Mortgage removed the action to this Court. Plaintiffs present two claims in their Amended Complaint. The first, a claim for various violations of the FLSA, 29 U.S.C. §§ 201-255(a) (2007), and the second, a claim for violations of the North Carolina Wage and Hour Act ("NCWHA"), North Carolina General Statutes §§ 95-25.1-.22 (2007). (Am. Compl. ¶ 1.) This Court dismissed Plaintiffs' state law claim. Only the FLSA claim remains.

United Mortgage classified its Junior Asset Managers as salaried "exempt" employees—a status that would allow Junior Asset Managers to work over 40 hours per week without overtime pay. (*Id.* ¶ 52). Plaintiffs contend that United Mortgage has routinely required its Junior Asset Managers to work in excess of 40 hours per week. (*Id.* ¶ 54.) Plaintiffs allege that their treatment as salaried "exempt" employees was inappropriate since Plaintiffs have no supervisory or managerial authority: the primary duty of the Junior Asset Managers is to collect payments on delinquent loans. (*Id.* ¶ 45-46, 67-68.) In August 2004, United Mortgage required the Junior Asset Managers to fill out time cards documenting the number of hours they worked. (*Id.* ¶ 53.) Plaintiffs allege that the time cards confirmed that Plaintiffs were routinely working more than 40 hours per week. (*Id.* ¶ 54.) In 2006, an investigator from the United States Department of Labor visited United Mortgage and interviewed several employees about possible violations of the FLSA. (*Id.* ¶ 56.) Plaintiffs allege that after that visit, United Mortgage instructed the Junior Asset Managers to stop filling out time cards and to begin working "off the clock." (*Id.* ¶ 57.) Plaintiffs allege that other employees of United Mortgage were given the same instructions and that Plaintiffs have sustained substantial losses. (*Id.* ¶ 62.)

Throughout the course of this litigation Plaintiffs have sought additional opt-in plaintiffs and filed the signed consent forms of would-be opt-in plaintiffs. (*See, e.g.* Notice Consent Filing, Jan, 28, 2008.)

On May 16, 2008, Defendants sent the Plaintiffs an offer of judgment providing for full relief for all parties, including attorney's fees and taxable costs—the offer was also open to the would-be opt-in Plaintiffs. (Mot. Dismiss, Ex. A, May, 29, 2008.) Plaintiffs did not accept the offer and subsequently move this Court to certify the Plaintiffs as a class under § 216(b) of the FLSA. (Mot. Certify Class, May 21, 2008.) Defendants now seek dismissal for lack of subject matter jurisdiction, claiming that the action is moot because their offer of full relief put an end to the case or controversy at hand. Plaintiffs in turn ask this Court to reconsider its previous dismissal of the NCWHA claims or, in the alternative, for leave to amend the complaint.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a complaint when a court lacks subject matter jurisdiction. *Id*. Article III of the U.S. Constitution limits a court's jurisdiction to "cases" or "controversies." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975). A court's subject matter jurisdiction therefore ceases when the case or controversy between litigants becomes moot. *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006). A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) *quoting United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). As such, an actual controversy must exist during "all stages of review, not merely at the time the complaint is filed." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 457 (4th Cir. 2005) *quoting Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

In the context of FLSA cases, "when a defendant offers a plaintiff the maximum the plaintiff could possibly recover at trial, no justiciable controversy remains, as the offer moots the action."

*Louisdor v. Am. Telecomm.*, 540 F. Supp. 2d 368, 372 (E.D.N.Y. 2008).[1]  In *Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122 (D. Conn. 2005), the court dismissed a lone plaintiff's FLSA claim after she rejected an offer of judgment that provided for full relief.  *Id.* at 124, 130.  The court did however express concern over allowing a defendant to moot a claim in a FLSA case in which there were multiple plaintiffs or would-be opt-in plaintiffs.  *Id.* at 126-27.  The main concern is that a defendant could selectively "pick-off" plaintiffs—such as the lead plaintiff—resulting in the case being dismissed.  *Id.*  Discussing this potential problem, the court counterposed Fed. R. Civ. P. 23 and FLSA's collective action schemes.  *Id.* at 127-128.

      Courts have looked to Rule 23 for guidance on whether offers of judgment can moot a FLSA collective action.  *Id.* at 127.  The prevailing view in a number of Circuits is that the offer of judgment rule is not applicable to legitimate Rule 23 class actions.  *Id.*  This view is rooted in Rule 23's "opt-out" system for class participation.  *Id.* at 127-28.  Under Rule 23, the lead plaintiff describes a putative class, and upon certification, each person who fits the class description is considered a class member.  Fed. R. Civ. P. 23.  A class member is then bound by the result in the case unless that member decides to opt-out of the suit.  *Vogel*, 371 F. Supp. 2d at 127.

      Unlike Rule 23, FLSA 216(b) has an "opt-in" collective action mechanism whereby the final disposition of a case only binds a plaintiff who chooses to join the suit.  *Id.* at 127-28.  Therefore an individual who did not join a FLSA collective action that was mooted can still pursue a FLSA claim.  *See id.*  The "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FSLA § 16(b)" counsels against borrowing from the Rule 23 setting and imposing limitations on the offer of judgment rule in the FLSA setting.  *Id.* at 127.

      In this case, the Defendants May16, 2008 offer of judgment mooted the action, depriving this Court of subject matter jurisdiction; therefore, this case is dismissed.  Defendants offer of judgment to all Plaintiffs and would-be opt-in Plaintiffs was for full relief, including attorney's fees

---

[1] As there is no Fourth Circuit law that deals directly with the interaction between offers of judgment and mooting FLSA claims, this Court looks to other jurisdictions for guidance.

and taxable costs. As in *Vogel*, the offer of full relief has extinguished any case or controversy between the parties. Concern over the Defendants' ability to "pick-off" Plaintiffs has been allayed by the blanket nature of the offer of judgment. Both the actual Plaintiffs and would-be Plaintiffs have been offered relief in whole.

Plaintiffs are unpersuasive in arguing that the offer of judgment did not provide for maximum compensation. The offer here was for "full relief" that would resolve this case "for all parties." (Mot. Dismiss, Ex. A, May 29, 2008.) Defendants asked that Plaintiffs prepare affidavits as to the amount owed, and Defendants offered to provide "the information . . . necessary to prepare the affidavits." (*Id.*) Plaintiffs cannot seek anything more than full relief, and Defendants were willing to facilitate the accounting.

As for Plaintiffs Motion to Certify Class, Motion to Amend/Correct the Motion to Certify Class, and Motion for Reconsideration of this Court's previous Order on Motion to Dismiss, they are denied. Plaintiffs filed their Motion to Certify Class on May 21st, 2006, after Defendants' May16th offer of judgment. The offer of judgment mooted the case; therefore, this Court no longer has jurisdiction to certify a class. Nor will this Court allow the motion to be amended. Regarding the Plaintiffs request for this Court to reconsider its earlier order dismissing the NCWHA claims, the Court declines to take such action.

For these reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiffs' motions to Certify Class, to Amend/Correct the Motion to Certify Class, and for Reconsideration of this Court's previous Order on Motion to Dismiss are DENIED.

Signed: September 14, 2009

Graham C. Mullen
United States District Judge